# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID STRICKENGLOSS, KC-9421          )
                                      )
Plaintiff,                            )
                                      )
v.                                    )          Civil Action No. 2:12-361
                                      )          Magistrate Judge Cynthia Reed Eddy
STATE CORRECTION INSTITUTION          )
AT MERCER; *ET AL.*,                  )
                                      )
Defendants.                           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motions filed by

Defendants (ECF. Nos. 19 and 21) both be granted.

### II.    REPORT

Plaintiff, David Strickengloss, an inmate confined during the relevant time period in the

State Correctional Institution at Mercer, initiated this *pro se* prisoner's civil rights action

pursuant to 42 U.S.C. § 1983 in which he claims that Defendants violated his rights as protected

by the Eighth and Fourteenth Amendments of the United States Constitution with regards to an

injury in the Restricted Housing Unit on February 26, 2012 and his subsequent medical

treatment.   On July 9, 2012, the medical Defendants Horneman and Morgan filed a Motion to

Dismiss (ECF No. 19) along with a Brief in support thereof (ECF No. 20) claiming that the

complaint should be dismissed for failure to state a claim upon which relief may be granted.   On

July 10, 2012, the Commonwealth Defendants filed a Motion to Dismiss (ECF No. 21) along

with a Brief in support thereof (ECF No. 22) claiming that the complaint should be dismissed

against it for failure to state a claim upon which relief may be granted. Both of these motions asserted that Plaintiff did not fully exhaust his claims as required by 42 U.S.C. § 1997e(a). On July 10, 2012, the Court issued an Order for responses to the pending motions to dismiss to be filed on or before August 17, 2012 (ECF No. 23).

Thereafter, on August 17, 2012, this Court issued an Order specifically informing the parties that the pending motions would be treated as motions for summary judgment under Federal Rule of Civil Procedure 56 with respect to the issue of Plaintiffs exhaustion of administrative remedies (ECF No. 27). The Court ordered limited discovery with respect to the exhaustion issue and required the parties to file concise statements of material facts (ECF Nos. 30 & 33). Presently pending before the Court are the converted motions for summary judgment concerning the sole issue of exhaustion of administrative remedies.

A. <u>Standard of Review</u>

Federal Rule of Civil Procedure 56(a)[1] provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323

---

[1] Pursuant to the 2010 amendments to the Federal Rules of Civil Procedure, the oft-cited summary judgment standard is now located in Rule 56(a) rather than 56(c), with a slight change of wording. Although the word "issue" has been replaced with "dispute," this change does not affect the substantive standard or the applicability of prior

(1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, 891 F.2d 458, 460–461 (3d Cir. 1989) (the non-movant must present affirmative evidence -- more than a scintilla but less than a preponderance -- which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party cannot rest "solely on assertions made in the pleadings, legal memoranda, or oral argument," Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006), but must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (*i.e.*, depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. *See also* Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The inquiry, then, involves determining "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990) (quoting Anderson, 477 U.S. at 251-52). "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a

---

decisions construing the standard. *See* Fed. R. Civ. P. 56(a) advisory committee's note.

reasonable jury could find for the non-moving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). Moreover, *pro se* pleadings are to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## B. Exhaustion of Administrative Remedies

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e, concerning suits by prisoners. Before the amendments, prisoners challenging the conditions of their confinement under 42 U.S.C. § 1983 were not required to exhaust administrative remedies before filing suit. The PLRA amended section 1997e(a), as follows, making exhaustion a mandatory requirement.

> (a)  Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), as amended.

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner). In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions. In so

holding, the court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement.   Booth, 206 F.3d at 300; Nyhuis, 204 F.3d at 66. A unanimous Supreme Court affirmed the Court of Appeals' holding in Booth where the Court confirmed that in the PLRA Congress mandated complete exhaustion of administrative remedies, regardless of the relief offered through those administrative procedures.   See Booth v. Churner, 532 U.S. 731 (2001) (holding that the PLRA requires administrative exhaustion even where the grievance process does not permit award of money damages and prisoner seeks only money damages, as long as grievance tribunal has authority to take some responsive action).   In addition, in Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court clarified that the PLRA's exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes and whether they allege excessive force or other conduct.

The administrative grievance procedure for Pennsylvania inmates is codified in the Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804-1, entitled "Consolidated Inmate Grievance Review System."   The purpose of the grievance system is to insure that every inmate confined in a Bureau of Correction facility has an avenue through which prompt resolution of any problem which arises during the course of confinement may be sought. The grievance system applies to all state correctional institutions and provides three levels of review:   1) initial review by the facility grievance coordinator; 2) appeal of initial review to the superintendent or regional director; and 3) final appeal to the Secretary's Office.   The administrative policy further provides that, prior to utilizing the grievance system, prisoners are

required to attempt to resolve problems on an informal basis through direct contact or by sending an inmate request slip to the appropriate staff member.

The Court of Appeals for the Third Circuit repeatedly has instructed that a prisoner's failure to comply with the procedural and substantive requirements of DOC's grievance policy results in procedural default, thereby precluding an action in federal court. *See* Torrence v. Thompson, 435 Fed. App'x 56, 593 (3d Cir. 20011) (state inmate's assertion that he needed his limited funds to pursue his civil rights lawsuits against state corrections department did not warrant excusing his failure to exhaust administrative remedies through prison grievance process, due to his refusal to submit copies of items required to perfect appeal); Banks v. Roberts, 251 Fed. App'x 774 (3d Cir. 2007) (holding that federal prisoner, who did not wait to file his Bivens complaint in federal court until after he had received final determinations from his administrative filings and completed the appeal process as to those determinations, failed to comply with PLRA mandatory exhaustion requirement); Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).

The United States Supreme Court adopted a similar holding in Woodford v. Ngo, 548 U.S. 81 (2006) wherein it held that an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the PLRA's mandatory exhaustion requirement.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." This Court has described the doctrine as follows: "[A]s a general rule courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against

6

objection made at the time appropriate under its practice." Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

Woodford, 548 U.S. at 90-91 (internal citations, quotations and footnotes omitted).

The Court further noted that "[c]onstruing § 1997e(a) to require proper exhaustion also fits with the general scheme of the PLRA, whereas respondent's interpretation would turn that provision into a largely useless appendage. "A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction" and "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id*. at 93-94. The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. *Id*. The Court concluded that the benefits of exhaustion could only be realized if the prison grievance system is given a fair opportunity to consider the claims, which required the grievant to comply with the procedural rules. *Id*.

In the case at bar, Defendants assert that Plaintiff filed Grievance No. 402823 wherein he complained that he had back pain since his arrival at SCI-Mercer and that his back was injured/further aggravated on February 26, 2012 when he fell off a desk while attempting to climb onto the top bunk in his cell. He further complained that he had not been given bottom bunk status even though he stated that he had this status at his prior facility. On March 1, 2012, a Registered Nurse Supervisor filed the following response to this grievance.

I have reviewed your grievance, your medical record, and discussed your case with the medical staff.

You were seen 2/6, 2/9, 2/10, 2/14, 2/16, and 2/24 by PA Horneman. He evaluated your status for complaints of chronic low back pain, ordered and changed your medications, and reviewed your case with Dr. Morgan. An MRI is pending based on your complaints. You requested specific medication (Neurontin) which you were not given. An evaluation was done by PA Horneman on 2/9 for your bottom bunk request, and you showed no evidence of physical limitations so it was not ordered. On 2/26 you performed an unsafe act using the desk as a climbing item, and fell. You were evaluated by medical staff and observed in the Infirmary. On 2/28 x-rays were done, showing no evidence of injuries, and on 2/29 and 3/1 you were seen by PA Horneman again and treatment adjusted based on recommendations by Dr. Morgan.

You wrote a request to Ms. Boal on 2/26/12 (the same day you filed this grievance) stating "no one is giving me medication for pain" which is not true based on your medication orders, and administration by the nursing staff, despite it not being the medication you want. You did not wait for a response from Ms. Boal before filing your grievance.

Your care is being provided by experienced, licensed medical providers based on community standards. You cannot choose your provider.

ECF No. 33-2, p. 4. This First Level Response to Grievance #402823 was issued on 3/2/12.

Plaintiff did not seek any further review to either the Superintendent or to Final Review (ECF No. 33-3, p. 2).

An inmate may file a grievance within fifteen (15) working days after the events upon which the claims are based. RHU inmates are not precluded from filing grievances under DC–ADM 804 related to issues impacting their quality of life, other than the reasons for the RHU confinement. After the receipt of the initial review decision, an inmate may file an appeal to the Facility Manager (Superintendent) within ten (10) working days. Once an inmate receives the Facility Manager's decision, he may file a final appeal to the Secretary's Office of Inmate

Grievances and Appeals within fifteen (15) working days. If a grievance is determined to be improperly submitted, it is assigned a grievance number and returned to the inmate unprocessed. An improperly submitted grievance, if resubmitted, must be resubmitted under the same grievance number within five (5) working days. An appeal to final review cannot be completed unless an inmate complies with all established procedures.

It was incumbent upon Plaintiff to have sought further review within ten days of receiving his initial response. Had Plaintiff taken this required step, he would have been given the opportunity to have secured any necessary paperwork and/or he may have received a waiver from this requirement. His failure to even have attempted to fully exhaust requires dismissal of this claim because it results in procedural default. As stated by the Court of Appeals for the Third Circuit, "it is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted). The Supreme Court of the United States reiterated this tenet in Booth. Consequently, this Court is required to follow the Supreme Court's directive in Booth and dismiss Plaintiff's complaint due to his failure to have exhausted his available administrative procedures. *Accord* Torrence v. Thompson 435 Fed. App'x 56, 59 (3d Cir. 2011) (holding that inmate procedurally defaulted claims by failing to file final appeal). Because Plaintiff cannot now correct his failure to have exhausted his administrative remedies, any amendment to his complaint would be futile.

## III.  CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motions for

Summary Judgment filed by Defendants (ECF. Nos. 19 and 21) both be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report.  Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto.  Failure to timely file objections will constitute a waiver of any appellate rights.

January 18, 2013

<u>/s Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

David Strickengloss
KC9421
SCI-Fayette
Box 9999
LaBelle, PA 15450-0999