IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID STRICKENGLOSS,              )
                                  )
        Plaintiff,                 )
                                  )   Civil Action No. 12-361
                                  )
        v.                        )   Judge Cathy Bissoon
                                  )   Magistrate Judge Cynthia R. Eddy
STATE CORRECTION INSTITUTION      )
AT MERCER, *et al.*,              )
                                  )
        Defendants.                )

## **MEMORANDUM ORDER**

Before this Court are Defendants' motions for summary judgment (Docs. 19 and 21).[1] Defendants move for dismissal of Plaintiff's complaint for failure to state a claim upon which relief can be granted. This matter was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges. On January 18, 2013, the magistrate judge issued a report and recommendation recommending that Defendants' motions be granted. (Doc. 47). Plaintiff filed objections on February 21, 2013. (Doc. 49).

Plaintiff initiated this *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983, *et seq*. Plaintiff claims that Defendants violated his rights as protected by the Eighth and Fourteenth Amendments of the United States Constitution with regard to an injury he sustained while in the Restricted Housing Unit at the State Correctional Institution at Mercer. Defendants argue, *inter alia*, that Plaintiff's claims must be dismissed because he failed to fully exhaust

---

[1] On August 17, 2012, the magistrate judge issued an order (Doc. 27) informing the parties that their motions (Docs. 19 and 21) would be treated as motions for summary judgment, under Federal Rule of Civil Procedure 56, with respect to the issue of Plaintiff's exhaustion of administrative remedies.

available administrative remedies as required by 42 U.S.C. § 1997e(a). The magistrate judge recommended granting Defendant's motion on that basis. As more fully stated below, the Court agrees with the magistrate judge's report and recommendation.

On February 26, 2012, Plaintiff filed official inmate grievance no. 402823 wherein he complained that his pre-existing back pain was exacerbated by injury. (Doc. No. 1). Defendants argue that the record contains no indication that Plaintiff exhausted the administrative remedies established in Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804-1[2] related to grievance no. 402823. (Docs. 20 and 22).[3] Although Plaintiff offers no brief or statement to support his objections, he does attach sixteen (16) exhibits consisting of various medical and grievance records (some related to the instant case, some not related). The Court has reviewed each exhibit and finds that none of the records offer evidence that Plaintiff exhausted the available administrative remedies, namely the three levels of review established under Statement No. DC-ADM 804-1.[4]

THEREFORE, after *de novo* review of the pleadings and documents in the case, together with the report and recommendation, the following ORDER is entered:

AND NOW, this 22nd day of March, 2013,

---

[2] Statement No. DC-ADM 804-1 establishes a grievance system that applies to all state correctional institutions and provides three levels of review: 1) initial review by the facility grievance coordinator; 2) appeal of initial review to the superintendent or regional director; and 3) final appeal to the Secretary's Office of Inmate Grievances and Appeals.

[3] The record does reflect that an initial review response denying grievance no. 402823 was issued on March 2, 2012. (Doc. 1).

[4] The submitted exhibits do contain an inmate request to staff member dated March 7, 2012 (received by SCI Mercer Superintendent's Office on August 21, 2012). In the request, Plaintiff writes: "[y]es, I would like to appeal [t]he grievance #402-823-12. I sent one on March 2 or 3 [b]ut there was a problem with my mail, so I sent this one." (Doc. 49, Ex. D). Even if the March 7, 2012 request is construed as an appeal attempt, there is no indication that Plaintiff appealed grievance no. 402823 to the Secretary's Office of Inmate Grievances and Appeals.

IT IS HEREBY ORDERED that the Report of February 21, 2013, (Doc. 47) is adopted as the opinion of the Court.

IT IS FURTHER ORDERED that Defendants' motions to dismiss (Docs. 19 and 21) are GRANTED and this action is DISMISSED.

s/ Cathy Bissoon
Cathy Bissoon
United States District Judge

cc:

All attorneys of record (via CM/ECF e-mail).